```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION


JOHN DAGOSTINO,

        Plaintiff,

v.                                 Case No:  2:22-cv-447-JES-KCD

FEDERAL EXPRESS CORPORATION,
AND ANNE MARIE CAVISTON,

        Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion In Limine To Exclude Dr. Gregory L. Smith's Testimony Regarding Plaintiff's Future Care (Doc. #38) filed on July 14, 2023, and defendants' Motion in Limine To Exclude Plaintiff's Charged Medical Expenses (Doc. #40) filed on July 31, 2023. Plaintiff did not file responses. For the reasons set forth below, both motions are denied.

**I.**

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). These motions "are generally disfavored." Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon

a motion in limine only if the evidence is clearly inadmissible for any purpose." Id. "A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." McHale v. Crown Equip. Corp., No. 8:19-cv-707-VMC-SPF, 2021 U.S. Dist. LEXIS 194217, 2021 WL 4527509, at *1, *3 (M.D. Fla. Oct. 1, 2021) (citing LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)). "Nor may a party use a motion in limine to sterilize the other party's presentation of the case." Harris v. Wingo, No. 2:18-CV-17-FTM-29MRM, 2021 U.S. Dist. LEXIS 209165, 2021 WL 5028201, at *1 (M.D. Fla. Oct. 29, 2021) (cleaned up). Additionally, as the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42.

"A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence," Harris, 2021 U.S. Dist. LEXIS 209165, 2021 WL 5028201, at *1, and does not preserve an issue for appellate review. United States v. Gari, 572 F.3d 1352, 1356 n.2 (11th Cir. 2009). "The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground." United States v. Gonzalez, 718 F. Supp. 2d 1341, 1345

(S.D. Fla. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

**II.**

This negligence action arose from an accident in which a motor vehicle driven by defendant Anne Marie Caviston (Caviston), while under the scope of her work for defendant Federal Express Corporation (Federal Express)(collectively Defendants), collided with plaintiff John Dagostino (Dagostino) while on his motorcycle. (Doc. #4.)

Defendants Federal Express and Caviston seek to exclude Dr. Gregory L. Smith's testimony about Dagostino's future care, as well evidence of Dagostino's charged medical expenses. The Court will discuss each in turn below.

**A. Dr. Gregory L. Smith's Testimony About Dagostino's Future Care**

Defendants seek to preclude testimony offered by Dr. Gregory L. Smith (Dr. Smith) about Dagostino's future care. (Doc. #38.) Specifically, Defendants note that Dagostino has identified Dr. Smith as an expert witness and intends to offer Dr. Smith's testimony as a life care planner. (Id., p. 1.) Citing to Florida

3

Evidence Code and Florida case law, Defendants argue that Dr. Smith's testimony, as an expert life care planner, "must be based on facts in evidence and within his knowledge." (Id., p. 3.) According to Defendants, however, Dr. Smith did not physically examine Dagostino nor is there evidence that Dagostino's treating physicians or other medical providers recommended the "sweeping future treatments" that Dr. Smith opines is necessary for Dagostino. (Id., pp. 5-6.) Defendants therefore assert that Dr. Smith's testimony about Dagostino's future care should be excluded. The Court does not agree.

As an initial matter, Defendants rely heavily on Florida Evidence Code and case law, but this Court applies the Federal Rules of Evidence. ML Healthcare Services, LLC v. Publix Super Markets, Inc., 881 F.3d 1293, 1299 (11th Cir. 2018). Federal Rule of Evidence 702 governs the admission of expert testimony and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Id. This Court must ensure that the expert testimony is both relevant and reliable. In determining the reliability of a

4

particular expert, the Court may apply the factors outlined in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 596, 113 S. Ct. 2786, 2798 (1993): (1) whether the theory or technique at question can and has been tested; (2) whether the technique or theory has been subject to peer review or testing; (3) whether the known or potential rate of error is acceptable; and (4) whether the technique or theory is generally accepted by experts in the relevant field of study. Allison v. McGhan Med. Corp., 184 F.3d 1300, 1309-10 (11th Cir. 1999) (applying Daubert factors).

Here, the record shows that Dr. Smith is board-certified in occupational medicine, with over 30 years of clinical experience in treating injuries and has written hundreds of life care plans and medical cost analysis. (Doc. #38-1, p. 7.) The record further reflects that Dr. Smith relied upon diagnoses from several of Dagostino's treating physicians when establishing Dagostino's life care plan. (Id., pp. 7-11.) Any failure by Dr. Smith to offer an opinion outside of his knowledge or not based on "facts in evidence" in making his assessments is something that should be addressed by Defendants on cross-examination and evaluated by the jury since it goes to the weight to be given to Dr. Smith's testimony and not towards its admissibility. See Daubert, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but

5

admissible evidence."). Defendants' motion in limine to exclude Dr. Smith's testimony is therefore denied. See Incardone v. Royal Carribean Cruises, Ltd., No. 16-20924-CIV-MARTINEZ/GOODMAN, 2018 WL 6520934, 2018 U.S. Dist. LEXIS 209109, at *41 (S.D. Fla. Dec. 11, 2018)(denying defendant's motion in limine to exclude testimony of a life care planner because it was not based on sufficient facts or evidence; rather, defendant's argument goes to the weight to be accorded to the testimony).

**B. Dagostino's Charged Medical Expenses**

Defendants also seek to prevent Dagostino from introducing evidence of the "gross" amount of past medical expenses he incurred as a result of Defendants' alleged negligence. (Doc. #40.) Defendants argue that Dagostino was a Medicare beneficiary (at all times material), and that many of his health providers who rendered treatment to Dagostino for injuries resulting from the accident, have accepted his United Healthcare insurance, i.e., a Medicare Advantage Plan (MAP). (Id., p. 1.) Defendants assert that Dagostino is not and will never be financially responsible for adjusted/written off medical bills that were reduced pursuant to his MAP coverage. Defendants therefore argue that Plaintiff should not be allowed to present evidence of related medical expenses in excess of the MAP's lien for those providers who accepted the insurance MAP's benefits. (Id., p. 2.)

6

The Court agrees that a plaintiff generally may not recover amounts in excess of Medicare benefits received. Indeed, "[t]he appropriate measure of compensatory damages for past medical expenses when a plaintiff has received Medicare benefits does not include the difference between the amount that the Medicare providers agreed to accept and the total amount of the plaintiff's medical bills." Dial v. Calusa Palms Master Ass'n, Inc., 308 So. 3d 690, 691 (Fla. 2d DCA 2020), approved, 337 So. 3d 1229 (Fla. 2022). However, there is no indication in the record that Dagostino has in fact received any Medicare benefit with respect to any related medical expenses, or that Dagostino has sought damages for this purpose. To be sure, Defendants only argue that it is "*anticipated* that the Plaintiff *may* argue that the actual value of [his] expenses is the amount billed by his health care providers." (Id., p. 3)(emphasis added.)

The Court cannot tell with any degree of certainty that the anticipated evidence Defendants seek to exclude will be inadmissible (or admissible, for that matter). "If evidence [to be excluded in limine] is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Mowbray v. Carnival Corp., No. 08-20931-CIV, 2009 U.S. Dist. LEXIS 139933, at *5 (S.D. Fla. Apr. 13, 2009). "The court may deny a motion in limine when it 'lacks the necessary specificity with

7

respect to the evidence to be excluded.'" Id. (quoting Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp., 937 F. Supp. 276, 287 (S.D.N.Y. 1996)). The Court cannot make a blanket ruling based on anticipated evidence, and therefore Defendants will have to make specific objections to evidence at trial. Defendant's motion to exclude Dagostino's charged medical expenses is denied.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion In Limine To Exclude Dr. Gregory L. Smith's Testimony Regarding Plaintiff's Future Care (Doc. #38) is **DENIED**.

2. Defendants' Motion in Limine To Exclude Plaintiff's Charged Medical Expenses (Doc. #40) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of August, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record