```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JOHN DAGOSTINO,

    Plaintiff,

v.                              Case No:  2:22-cv-447-JES-KCD

FEDERAL EXPRESS CORPORATION,
AND ANNE MARIE CAVISTON,

    Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on review of defendants' Daubert Motion To Exclude or Limit Dr. Gregor L. Smith's Testimony (Doc. #41) filed on August 25, 2023.  Plaintiff did not file a response.  This is a negligence action arising from an accident between a motor vehicle and a motorcycle. For the reasons set forth below, the motion is denied.

**I.**

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). These motions "are generally disfavored." Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible

for any purpose." Id. "A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." McHale v. Crown Equip. Corp., No. 8:19-cv-707-VMC-SPF, 2021 U.S. Dist. LEXIS 194217, 2021 WL 4527509, at *1, *3 (M.D. Fla. Oct. 1, 2021) (citing LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)). "Nor may a party use a motion in limine to sterilize the other party's presentation of the case." Harris v. Wingo, No. 2:18-CV-17-FTM-29MRM, 2021 U.S. Dist. LEXIS 209165, 2021 WL 5028201, at *1 (M.D. Fla. Oct. 29, 2021) (cleaned up). Additionally, as the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42.

"A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence," Harris, 2021 U.S. Dist. LEXIS 209165, 2021 WL 5028201, at *1, and does not preserve an issue for appellate review. United States v. Gari, 572 F.3d 1352, 1356 n.2 (11th Cir. 2009). "The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground." United States v. Gonzalez, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "Unless evidence meets this high standard,

evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

## II.

Defendants Federal Express Corporation and Anne Marie Caviston (collectively Defendants) seek to preclude testimony offered by Dr. Gregory L. Smith (Dr. Smith) about plaintiff John Dagostino's (Dagostino) future care. (Doc. #41.) Defendants argue that under the Daubert standards, Dagostino cannot meet his burden of establishing that Dr. Smith used reliable methodology in determining Dagostino's future care because none of Dagostino's treating physicians opined that he would need future care. (Id., pp. 8-9.) Thus, Defendants conclude that Dr. Smith's opinions are not supported by sufficient facts and data. (Id., p. 9.)

In it's previous Opinion and Order (Doc. #42), the Court addressed this very same argument proffered by the Defendants and concluded that under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 596, 113 S. Ct. 2786, 2798 (1993), Dr. Smith's testimony about Dagostino's future care was admissible. (Id., p. 4.)  In doing so, the Court explained

> Here, the record shows that Dr. Smith is board-certified in occupational medicine, with over 30 years of clinical experience in treating injuries and has written hundreds

of life care plans and medical cost analysis. (Doc. #38-1, p. 7.) The record further reflects that Dr. Smith relied upon diagnoses from several of Dagostino's treating physicians when establishing Dagostino's life care plan. (Id., pp. 7-11.) Any failure by Dr. Smith to offer an opinion outside of his knowledge or not based on "facts in evidence" in making his assessments is something that should be addressed by Defendants on cross-examination and evaluated by the jury since it goes to the weight to be given to Dr. Smith's testimony and not towards its admissibility. See Daubert, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Defendants' motion in limine to exclude Dr. Smith's testimony is therefore denied. See Incardone v. Royal Carribean Cruises, Ltd., No. 16-20924-CIV-MARTINEZ/GOODMAN, 2018 WL 6520934, 2018 U.S. Dist. LEXIS 209109, at *41 (S.D. Fla. Dec. 11, 2018)(denying defendant's motion in limine to exclude testimony of a life care planner because it was not based on sufficient facts or evidence; rather, defendant's argument goes to the weight to be accorded to the testimony).

(Id., pp. 5-6.) For similar reasons, the Court finds that Defendants' motion should be denied.

Accordingly, it is now

**ORDERED:**

Defendants' Daubert Motion To Exclude or Limit Dr. Gregor L. Smith's Testimony (Doc. #41) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of September 2023.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

4